Harris, J.,
delivered the opinion of the Court:
This bill was filed by the complainant against the defendants, in the Chancery Court at Dresden, in which it is charged that the defendant, E. T. Brockwell, being at the time indebted beyond his ability to pay without the land described in the bill, did, on the 8th of January, 1839, convey by deed said tract of land to John Brockwell, without consideration, and for the purpose of defrauding his creditors in the collection of their debts; and that, on the same day, John Brockwell conveyed the same to the other defendants, the children of the said_ E. T. Brockwell; that on the 4th day of February, 1844, E. T. Brockwell, by deed, conveyed to *576 complainant fifty acres of said land, stating at the time that his former conveyance to John Brockwell was “all a sham.” The bill prays that defendants be divested of their pretended title to the fifty acres, and the cloud removed from the title of complainant. The answers deny the fraudulent intent charged, and insist upon their rights.
There is much proof in the record upon the question of fraud, but lrom the view we take of the case, it is unnecessary to enter upon the discussion of the proof. Upon the hearing, the Chancellor dismissed the bill, and the complainant appealed to this Court. To admit that the proof establishes every charge in the bill, would the complainant then be entitled to the relief prayed for? We think not. By the first clause of the 2d section of the act of 1801, ch. 25, it is expressly provided, that “ every gift, grant, conveyance of lands,” &c., “ made and contrived of malice, fraud, covin, collusion or guile, to the intent or purpose to delay, hinder or defraud creditors in their just and lawful actions, suits, debts,” &c., “or to defraud or deceive those who shall purchase the same lands,” &c., “shall be henceforth deemed and taken only as against the person or persons, his, Jher or their heirs, successors, executors, administrators, or assigns, and every of them whose debts, suits, demands, &c., by such guileful and covinous devices and practices as aforesaid, shall or might be in any wise disturbed, hindered, delayed or defrauded, to be clearly and utterly void.”
By this statute, such conveyances are “ clearly and utterly void” as against creditors, and bona fide innocent purchasers, without notice, who are “ deceived *577 thereby; ” but they are valid as against the fraudulent vendors, “ their heirs, successors, executors, administrators or assigns,” who had notice, and of course "were not “ deceived thereby.”
It could not be contended for a moment, if E. T. Brockwell were himself complainant, asking the relief sought by the bill, that he should not be repelled; then, in what better attitude does the present complainant stand, who purchased with a full knowledge of the whole transaction, but was told by E. T. Brockwell, as he chargés in the bill, that “it was all a sham.”
The order of the Chancellor dismissing the bill was correct, and is affirmed. But as this bill should have been demurred to, we think it is a proper case to tax the defendants with the costs incurred in taking the proof; the balance will be paid by complainant.